UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN MICHAEL BURTON,

        Plaintiff,

v.                                     Case No. 3:23-cv-1195-BJD-SJH

OFFICER G. SMITH, et al.,

        Defendants.
_____

**ORDER**

**THIS CAUSE** is before the Court on Defendants, Smith, Prock, and Mitchell's Motion to Dismiss Plaintiff's Complaint (Doc. 9; Def. Mot.) and Plaintiff's Opposition thereto (Doc. 12; Pl. Opp.).

**I.  Status**

Plaintiff, Jonathan Michael Burton, an inmate of the Florida Department of Corrections, is proceeding *pro se* and *in forma pauperis* on a Complaint for violation of civil rights under 42 U.S.C. § 1983 against Officer G. Smith, Sergeant D. Mitchell, and Sergeant E. Prock, in their individual and official capacities, based on conduct that occurred at Florida State Prison on April 21, 2020 (Doc. 1; Compl.). The events started when Plaintiff refused to leave the doctor's office and had to be carried down the hallway. *Id.* at 5. At some point after Plaintiff began to walk normally, Smith and Mitchell became

upset and pushed Plaintiff's wrists against the restraints by forcing his arms upwards, then forced him into his cell, and attacked him without justification. *Id.* at 5–6. Plaintiff alleges that Smith and Mitchell punched and stomped on him while he was still in full restraints, and Smith also hit Plaintiff's head with his radio, thereby "bust[ing] [his] head." *Id.* at 6. After this altercation, Prock and other officers had to escort Plaintiff back to the doctor's office. *Id.* At that point, Plaintiff was "very upset" because of the beating and "tried to step to the officer." *Id.* After Plaintiff returned to his cell, Prock allegedly put his finger in Plaintiff's buttocks. *Id.*

Based on these events, Plaintiff alleges that all Defendants violated his Eighth Amendment rights: Smith and Mitchell – through their excessive use of physical force, and Prock – through his commission of a sexual act. *Id.* at 7. Plaintiff seeks compensatory and punitive damages. *Id.*

**II.   Discussion**

Defendants argue that Plaintiff's official capacity claims must be dismissed based on sovereign immunity under the Eleventh Amendment. Def. Mot. at 4–5. Plaintiff agrees and asks for leave to amend the Complaint to proceed against Defendants solely in their individual capacities. Pl. Opp. at 1, 3, 8. In light of Plaintiff's lack of opposition, the official capacity claims against

2

all Defendants will be dismissed. Plaintiff does not need to amend the Complaint to reflect the dismissal of these claims.

Defendants further argue that Plaintiff's request for compensatory damages against Smith and Mitchell must be dismissed because the injuries he sustained as a result of their use of force are not greater than *de minimis*. Def. Mot. at 6–10. Defendants interpret the Complaint as alleging pain in Plaintiff's wrists and bleeding from his head as a result of Smith and Mitchell's excessive use of force. *Id.* at 9. The Court notes, however, that the Complaint is somewhat vague about Plaintiff's alleged injuries. In the Complaint, Plaintiff alleges that Smith and Mitchell's excessive use of force caused him "long time pain" and "a bust head." Compl. at 6–7. Plaintiff then asks for compensatory damages based on his "pain and suffering." *Id.* at 7. By submitting medical records simultaneously with his Opposition, Plaintiff attempts to prove that his injuries were greater than *de minimis*. *See* Doc. 13 at 3–9. However, the Court will not consider these records at the pleading stage. Even assuming these records are central to the claims, it is unclear if they are undisputed by Defendants. Furthermore, even if they are undisputed,

the records appear to be incomplete.[1] Therefore, based on the record before the Court, it is premature to decide whether Plaintiff's injury is *de minimis*.

Defendants also argue that Plaintiff's request for punitive damages must be dismissed as statutorily barred. Def. Mot. at 10–18. According to Defendants, 18 U.S.C. § 3626(a)(1)(A) precludes punitive damages in all civil rights cases because such damages constitute "prospective relief." *Id.* at 11. In support of their contention, Defendants argue "punitive damages are never necessary to correct a violation of a federal right." *Id.* They also contend that even if an award of punitive damages is necessary to correct such a legal violation, that award could not satisfy "stringent limitations" imposed by the Prison Litigation Reform Act (PLRA), as the relief is neither "narrowly drawn" nor "the least intrusive means necessary to correct the violation of the Federal right." *Id.* at 12. Plaintiff responds that he is entitled to punitive damages for Defendants' willful or malicious conduct. Pl. Opp. at 6–7.

Section 3626(a)(1)(A) provides:

(1) Prospective relief. —

(A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.

---

[1] Of note, Plaintiff filed another civil rights action premised on the events that took place on April 21, 2020 where the Court extensively addressed Plaintiff's injuries in its order on summary judgment. *See* Doc. 114 in Case No. 3:21-cv-597-WWB-MCR.

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Defendants are correct that punitive damages are considered "prospective relief" under § 3626. *See Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002) (holding "punitive damages are prospective relief"), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015)). But their argument that punitive damages, as "prospective relief" under § 3626, are precluded in prisoner civil rights actions is wholly misplaced. Indeed, they cite *Johnson* as their primary support for this notion, but *Johnson* did not hold that punitive damages were unavailable under § 3626 for § 1983 cases. Instead, in *Johnson*, the Eleventh Circuit clarified, in the context of a § 1983 civil rights case, that § 3626(a)(1)(A) merely provides the framework for awarding punitive damages. *Id.* at 1325. It explained "a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case . . . [and] that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so." *Id.*

5

While the Court is unaware of an Eleventh Circuit case that has addressed Defendants' specific argument here, the Court cannot disregard the Eleventh Circuit's long-standing recognition that punitive damages are available in prisoner civil rights actions. Indeed, the Eleventh Circuit has held that 42 U.S.C. § 1997e(e) permits claims for punitive damages for § 1983 claims without a physical injury requirement. *Hoever v. Marks*, 993 F.3d 1353, 1364 (11th Cir. 2021).[2] And it has held "[p]unitive damages are appropriate in § 1983 cases 'where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." *Barnett v. MacArthur*, 715 F. App'x 894, 905 (11th Cir. 2017). Also, the Eleventh Circuit Civil Pattern Jury Instructions on § 1983 damages include an instruction on awarding punitive damages. *See* Eleventh Circuit Pattern Jury Instruction, Civil Cases, Civil Rights – 42 U.S.C. § 1983 Claims – Damages § 5.13.

The Court also finds persuasive other district court decisions explicitly finding that § 3626(a)(1)(A) does not preclude an award of punitive damages in prisoner civil cases. *See, e.g.*, *Brown v. Semple*, No. 3:16cv376, 2018 WL 4308564, at *14 (D. Conn. Sept. 10, 2018) (collecting cases); *Douglas v. Byunghak Jin*, No. 11-0350, 2014 WL 1117934, at *4-5 (W.D. Penn. Mar. 20,

---

[2] In *Hoever*, the Eleventh Circuit declined to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626. *Hoever*, 993 F.3d at 1364 n.5.

2014) (reasoning that if Congress "intended to abolish punitive damages in all prisoner litigation under the PLRA, it would have done so directly, and in much plainer terms"). Thus, the Court finds that § 3626 does not preclude a request for punitive damages in this § 1983 action.

Finally, to the extent Plaintiff requests various types of relief in his Opposition, such requests are improperly included in an opposition to a motion. Also, to the extent Plaintiff asks for fixed wing and hand-held camera footage, his request is premature because a scheduling order has not been entered yet. Pl. Opp. at 1, 4.

Accordingly, it is

**ORDERED**:

1. Defendants, Smith, Prock, and Mitchell's Motion to Dismiss Plaintiff's Complaint (Doc. 9) is **GRANTED** only to the extent that Plaintiff's official capacity claims against all Defendants are dismissed, and **DENIED** in all other respects.

2. All Defendants shall file an answer to the Complaint within **twenty-one (21) days** from the date of this Order.

3. A separate order will enter setting case management deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of November, 2024.

                                                         BRIAN J. DAVIS
                                       United States District Judge

Jax-11 11/25

c:     Jonathan Michael Burton, #Y50899
       Counsel of Record