UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN MICHAEL BURTON,

    Plaintiff,

v.   Case No. 3:23-cv-1195-BJD-SJH

G. SMITH, et al.,

    Defendants.
_____

## ORDER

1.    Plaintiff's Motion for an Order Compelling Discovery (Doc. 51) is **STRICKEN**. Plaintiff must include his original signature on all papers filed with the Court. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."). Moreover, the Court has already advised Plaintiff that "[t]he cost of discovery is borne by the party making the discovery request." (Doc. 20 at 2.) Plaintiff's status as a pauper does not entitle him to free copies either from the Court or from Defendants. *See Easley v. Dep't of Corrs.*, 590 F. App'x 860, 868 (11th Cir. 2014) ("Neither defendants nor the district court were obligated to advance Easley his discovery costs."); *Jackson v. Fla. Dep't of Fin. Servs.*, 479 F. App'x 289, 292–93 (11th Cir. 2012) (citing *Harless v. United States*, 329 F.2d 397, 398–99 (5th Cir. 1964) ("The statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective

litigation.")). This is particularly true where, as here, Plaintiff has failed to articulate why the requested 1,400 pages of documents are necessary for the prosecution of his claims. *Jackson*, 479 F. App'x at 293. Although Plaintiff states that he needs Defendants' sworn statements to prepare for summary judgment, motions for summary judgment have not been filed yet. If such motions are filed in the future and Defendants attach their sworn statements as exhibits, Plaintiff will receive copies at that time. In addition, Plaintiff requests copies of his medical reports that he contends have been destroyed. (Doc. 51 at 1.) However, as stated in the Court's January 30, 2025 Order, "to the extent Plaintiff points to records from his other case as proof that those records existed at one time but were subsequently destroyed by medical, it is unclear why he seeks to obtain these records through discovery when they are already part of the public docket." (Doc. 39 at 3.)

      2.     Plaintiff's Response (Doc. 52) to the Court's Order (Doc. 50), construed as a renewed motion to admit video and audio footage into evidence, is **DENIED as premature**. The Court has previously advised Plaintiff that this request is premature given that no motions for summary judgment have been filed. (Doc. 50.) In addition, because the Court has already authorized the parties to file under seal any DVD or other electronic storage devices showing the inside of a correctional institution (*see* Doc. 7 at 4–5), the parties need not seek leave of Court to file such materials under seal.

3. In light of Defendants' Response (Doc. 53), Plaintiff's Motion for an Order Compelling Discovery (Doc. 44) is **DENIED**. As to Plaintiff's request for production No. 4, which seeks any and all rules, regulations, and policies at Florida State Prison during April 2020 pertaining to officers' entry into an inmate's cell while the inmate is in full restraints, Defendants explain that there is no policy either allowing or disallowing officers to enter an inmate's cell while the inmate is in full restraints. (Doc. 53 at 2.) To the extent Plaintiff's request, as worded, also seeks any Florida Department of Corrections' rules, regulations, and policies pertaining to use of force, Plaintiff now concedes that such a request seeks sensitive security information. (Doc. 44 at 2.) Even to the extent Plaintiff were still pursuing such information, as Defendants point out, any potential need by Plaintiff for this information does not override the safety concerns involved because there is video footage of the incidents alleged in the Complaint. (Doc. 53 at 3.) Finally, to the extent Plaintiff's Motion includes requests for admission, Defendants represent that they have already responded to those requests, rendering this part of the Motion moot. (*Id.*)

4. Considering Defendants' Response (Doc. 53), Plaintiff's Motion for Independent Testing/Physical Examinations (Doc. 45) is **DENIED**. Plaintiff asks the Court to arrange for his physical examination by his family doctor, Ramere M. Hornes, "due to controversy in X-rays," with Plaintiff being responsible for the cost of such examination "if, or when this case is settled." (Doc. 45 at 5–8.) Although Plaintiff's request is made pursuant to Federal Rule of Civil Procedure 35, "Rule 35

'authorizes a party to an action to require *another party*'—not the movant himself—'to submit to a physical or mental examination.'" *Haley v. Blackwood*, 338 F.R.D. 512, 514 (N.D. Fla. 2021) (emphasis in original) (citing *Tarlton v. United States*, 430 F.2d 1351, 1352 (5th Cir. 1970)). "Under Rule 35, therefore, the party to be examined cannot be the movant for a physical or mental examination." *Id.* at 515. Further, Plaintiff has not shown good cause for such an examination. Plaintiff's filings in this case, as well as in his prior case[1] that he references extensively for purposes of his medical records, tend to demonstrate that Plaintiff has the ability "to obtain the desired information by other means." *Id.* at 514 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). As Defendants explain, "Plaintiff has received continuous health care regarding his hands from 2020 all the way through 2024, he has gone to outside facilities, [and has] consulted with various doctors[.]" (Doc. 53 at 4.) Finally, "Rule 35 does not authorize a court to pay for the examination of a party who cannot afford a physical or mental

---

[1] *See Burton v. Espino*, No. 3:21-cv-597-WWB-MCR, Doc. 114 (M.D. Fla. July 23, 2024) (granting summary judgment in defendant's favor on plaintiff's claim of deliberate indifference to his serious medical needs pertaining to hand injuries, among others).

examination, and it also does not authorize a court to force an opposing party to bear this expense." *Haley*, 338 F.R.D. at 515 (citation omitted).

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of March, 2025.

                                                              Samuel J. Horovitz
                                                              United States Magistrate Judge

JAX-11 3/26
c:
Jonathan Michael Burton, #Y50899