UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN MICHAEL BURTON,

        Plaintiff,

v.                                    Case No. 3:23-cv-1195-BJD-SJH

OFFICER G. SMITH, et al.,

        Defendants.

_____

## ORDER

After the Court granted Defendants' Motion for Summary Judgment, the Clerk entered judgment in Defendants' favor on December 15, 2025. (Docs. 74, 75.) Before the Court is Defendants' proposed Bill of Costs (Doc. 76) and supplement (Doc. 81) thereto, seeking $560.65 for transcripts and $267.00 for copying/printing costs to be assessed against Plaintiff.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." The rule codifies the "venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Taxable costs generally are limited to the items listed in 28 U.S.C. § 1920:

        (1)    Fees of the clerk and marshal;

        (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 . . . ; [and]

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 . . . .

As evident from § 1920, costs are "limited to relatively minor, incidental expenses" and "'almost always amount to less than the successful litigant's total expenses in connection with a lawsuit.'" *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (quoted authority omitted). "Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964), *disapproved of on another ground by Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442–43 (1987).

As prevailing parties, Defendants are entitled to an award of costs necessarily incurred in defending this action. As to the sum of $560.65, Defendants provide a cost ledger and an invoice showing this expense was necessarily incurred for court reporting and transcription services pertaining to Plaintiff's deposition. (Doc. 76-1 at 2; Docs. 81, 81-1) This expense falls under § 1920. *See Nolen v. Fairshare Vacation Owners Ass'n*, No. 6:20-CV-330-PGB-EJK, 2022 WL 3136863, at *2 (M.D. Fla. May 26,

2022)[1] ("[A] deposition need not have actually been used in connection with a dispositive motion or at trial for its related fees to be taxable. . . . Rather, deposition costs are recoverable if the deposition related to an issue that was present at the time the deposition was taken." (internal citations omitted)), *report and recommendation adopted*, 2022 WL 3136843 (M.D. Fla. June 13, 2022).

As to the sum of $267.00, Defendants provide a cost ledger showing this expense was incurred for printing or copying court filings and discovery items. (*See* Doc. 76-1 at 3–4; Doc. 81 at 2–3.) Such costs are warranted. *See Procaps v. Patheon Inc.*, No. 12-24356-CIV-GOODMAN, 2016 WL 411017, at *6 (S.D. Fla. Feb. 2, 2016) (stating that "costs of copies of pleadings, correspondence, documents tendered to the opposing party and documents prepared for the court's consideration are recoverable" (citations omitted)). To the extent part of these costs were incurred for "discovery items" (Doc. 76-1 at 3; Doc. 81 at 2), such costs are recoverable under 28 U.S.C. § 1920(4). *See Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 813 (11th Cir. 2014) (per curiam)[2] ("Copies attributable to discovery are . . . recoverable under § 1920(4)." (internal citation and quotation marks omitted)); *Procaps*, 2016 WL 411017, at *6. This

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

also applies to the disks/USB drives containing documentary evidence and videos of the incident from the penal institution. *See Biscayne Towing & Salvage, Inc. v. M/Y Backstage*, No. 13-20041-CIV-LENARD/GOODMAN, 2014 WL 12631667, at *2 (S.D. Fla. July 29, 2014) ("CD and DVD copies are also taxable under 28 U.S.C. § 1920(4). The paper, CD, and DVD copies were made for use at depositions, to comply with court-ordered production of case-related documents, or in preparation of trial." (citation omitted)), *report and recommendation adopted* (S.D. Fla. Dec. 3, 2014); *see also Walters v. Am. Coach Lines of Miami, Inc.*, No. 07-22000-CIV-UNGARO/SIMONTON, 2010 WL 11505279, at *6 (S.D. Fla. May 3, 2010) (allowing reimbursement for the costs of scanning documents and creating CDs/DVDs as reasonably necessary for use in the case), *report and recommendation adopted*, 2010 WL 11505449 (S.D. Fla. May 19, 2010). Based on the foregoing, Defendants are entitled to an award of costs in the total amount of $827.65.

Accordingly, it is

**ORDERED**:

1.    Defendants' Bill of Costs (Doc. 76) is **APPROVED**.

2.      The **Clerk** shall tax costs against Plaintiff in the amount of $827.65.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of May, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Jax-11
c:
Jonathan Michael Burton, #Y50899
Counsel of Record